UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

AXEL BILBAO, *individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

CEREBRAL, INC.,

    Defendant.

_____/

Removed from the Circuit Court
Of Broward County, Florida
CASE NO. CACE-22-017977

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Cerebral, Inc. ("Cerebral"), by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1711, of the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, bearing the Case Number CACE-22-01797, to the United States District Court for the Southern District of Florida based on the following:

**I.   TIMELINESS OF REMOVAL**

1. On or about December 9, 2022, Plaintiff Axel Bilbao ("Plaintiff") filed a Complaint against Defendant Cerebral, Inc., in the Circuit Court of Broward County, Florida, Case No. CACE-22-01797 (the "Action"). A true and correct copy of the Complaint and Summons is attached as Exhibit A.

2. On December 16, 2022, Cerebral was served with the Complaint. *See* Ex. A.

3.  The timing of this Notice of Removal is proper under 28 U.S.C. § 1446(b)(1), because it is filed within thirty (30) days of Cerebral's receipt of the Complaint, as calculated according to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(a)(1).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL

4.  This Court has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d) and 1441(b) because (a) at least one member of the plaintiff class is a citizen of a different state than Cerebral; and (b) the amount in controversy exceeds the jurisdictional minimum of $5,000,000. *See* 28 U.SC. §§ 1332(d)(2), 1441(b).

5.  CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Florida Rule of Civil Procedure 1.220, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Ex. A, Compl. ¶¶29-36.

6.  In the Complaint, Plaintiff pleads a single cause of action on behalf of himself and a putative class of similarly situated individuals against Cerebral for alleged violations of Fla. Stat. Ann. § 501.059, *et seq.*, the Florida Telephone Solicitation Act ("FTSA"). *See* Ex. A, Complaint.

7.  Plaintiff's Complaint asserts that Cerebral "sent: (1) Text Message Advertisements that promoted Cerebral's services and products [ ] without transmitting to the recipients' caller identification service a telephone number that was capable of receiving telephone calls and that connected to either the telephone solicitor or [Cerebral]; and (2)

Automated Cerebral Text Message Advertisements without obtaining Plaintiffs' [prior express written consent]." Ex. A, Compl. ¶6.

8. Plaintiff alleges that he "brings this class action pursuant to the FTSA, and is a member of and seeks to represent a class of persons defined as: [a]ll persons and entities whose telephone numbers were sent one or more Cerebral Text Message Advertisements, where the telephone number transmitted to the person's or entity's caller identification service was incapable of receiving telephone calls and/or failed to connect to the Cerebral Callers[,] and/or [a]ll persons and entities whose telephone numbers were sent Automated Cerebral Text Message Advertisements without Defendant having obtained their [prior express written consent]." Ex. A, Compl. ¶30.

9. On behalf of himself and the putative class, Plaintiff seeks declaratory and injunctive relief; and statutory damages of up to $1,500 for "each Cerebral Text Message Advertisement that was sent to Plaintiffs without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Cerebral Callers" and "each Automated Cerebral Text Message Advertisement that was sent to Plaintiffs without obtaining their [prior express written consent]," plus attorney's fees and costs. Ex. A, Compl. ¶¶A-M.

10. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

11. Cerebral denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. Cerebral expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, Cerebral submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint along with Cerebral's submissions in support of this Notice of Removal identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A.   There Is At Least Minimal Diversity Of Citizenship Between The Parties In This Action Because Cerebral Is A Citizen Of A Different State Than Plaintiff**

12. The minimum diversity of citizenship criterion under CAFA is met if a plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. At the time Plaintiff commenced this class action, and at all times since, Cerebral was and is a corporation organized and existing under the laws of Delaware with its principal place of business in the State of California. *See* Exhibit B, Declaration of Sharon Wu, ¶3. Cerebral is thus a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

14. Upon information, belief, and Plaintiff's allegations, at the time Plaintiff commenced this class action, and at all times since, Plaintiff was and is a citizen of Florida. *See* Ex. A, Compl. ¶¶11-12 (the "cause of action accrued in Broward County" and Plaintiff "is the

regular user of the telephone number (727) 315-3003"). The area code 727 covers Pinellas County, Florida. *See* Area Code Map provided by the National North American Numbering Plan Administrator, available at https://www.nationalnanpa.com/area_code_maps/display.html?fl.

15. Public records indicate that Plaintiff is a citizen of Broward County, Florida. Plaintiff is registered to vote in Broward County, Florida and his registration record indicates his address is in Hollywood, Florida. *See* Exhibit C, Declaration of Nury Siekkinen, ¶3 and Exhibit 1. Voter registration records are public records in Florida and the Court may take judicial notice of them. *See League of Women Voters of Fla., Inc. v. Lee*, 595 F. Supp. 3d 1042, 1081 (N.D. Fla. 2022) (taking judicial notice of county voter registration information), *appeal filed*, No. 22-11144 (11th Cir. Apr. 11, 2022); *Cordell Funding, LLLP v. Jenkins*, No. 11-CV-80988, 2017 WL 11439017, at *4 n.5 (S.D. Fla. Mar. 16, 2017) (voter registration records may be judicially noticed under Fed. R. Evid. 201(b)). "Voter registration is persuasive evidence of a person's citizenship" for diversity purposes. *Searle v. CryoHeart Lab'ys, Inc.*, No. 20-CV-03830-PAB, 2021 WL 1589268, at *1 (D. Colo. Apr. 22, 2021); *Stone v. Yokohama Bilingual Educ., Inc.,* No. 17-CIV-24534, 2018 WL 4208347, at *2 (S.D. Fla. June 13, 2018) ("In assessing domicile, district courts frequently take into account the party's current … voter registration …" among others) (internal quotation marks and citation omitted), *report and recommendation adopted sub nom. Stone v. Yokohama Bilingual Educ.*, No. 17-24534-CIV, 2018 WL 4208311 (S.D. Fla. Aug. 28, 2018). Accordingly, Plaintiff is a citizen of Florida.

16. Plaintiff further alleges that the putative class consists of "[a]ll persons and entities whose telephone numbers were sent one or more Cerebral Text Message Advertisements, where the telephone number transmitted to the person's or entity's caller identification service was incapable of receiving telephone calls and/or failed to connect to the Cerebral Callers[,]

and/or [a]ll persons and entities whose telephone numbers were sent Automated Cerebral Text Message Advertisements without Defendant having obtained their [prior express written consent]." Ex. A, Compl. ¶30. Plaintiff thus seeks to represent a nation-wide class. Accordingly, it is reasonable to infer that most of the putative class members are citizens of states other than California or Delaware. Indeed, it would be manifestly unreasonable to infer that all the class members were citizens of California or Delaware, exclusively.

17. Accordingly, for purposes of diversity jurisdiction at least one member of the putative plaintiff class is a citizen of a different state than Cerebral. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     The Putative Class Consists Of More Than 100 Members**

18. In the Complaint, Plaintiff alleges violation of FTSA on behalf of himself and a putative class that "exceeds 100 members" who received text messages from Cerebral. *See* Ex. A, Compl. ¶31.

19. Based on Cerebral's records, since January 2020, Cerebral has sent text messages to at least 100,000 customers located in Florida, with the number of customers in the United States that received text messages from Cerebral far exceeding that amount. See Ex. B, ¶4.

20. Accordingly, while Cerebral denies that class treatment is permissible or appropriate, Plaintiff's proposed class plainly consists of more than 100 members, based on the Complaint's allegations and Cerebral's records.

**C.     The Amount In Controversy Requirement Is Satisfied**

21. Although Cerebral denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the relief sought in the Complaint, Cerebral avers, for the purposes

of meeting the jurisdictional requirements for removal only, that the amount in controversy exceeds $5 million.

22. Courts are not limited to the four corners of the Complaint when determining the amount in controversy. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)) (holding that district court erred in rejecting defendant's declaration in support of notice of removal evidencing the amount in controversy exceeded CAFA's $5 million threshold).

23. Plaintiff does not claim any specific amount in total damages, but avers that each member of the putative class is entitled to up to $1,500 in statutory damages per alleged violation of the FTSA. *See* Ex. A, Compl. ¶43.

24. As set forth above, Cerebral sent text messages to at least 100,000 customers located in Florida, with the number of customers in the United States that received text messages even higher. *See* Ex. B, ¶4.

25. Without admitting the veracity of Plaintiff's allegations or the propriety of class treatment in this Action, a reasonable and commonsense reasoning of the Complaint along with Cerebral's submissions in support of this Notice of Removal show that the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**D.     CAFA's Exceptions Do Not Apply**

26.     The exceptions to removal under 28 U.S.C. § 1332(d) do not apply to this case.

**III.    THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

27.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a.    this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

   b.    this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

   c.    the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

   d.    a member of the putative class is a citizen of a state different from Cerebral as required by § 1332(d)(2)(A).

28.     Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

29.     The United States District Court for the Southern District of Florida is the appropriate venue for removal because the Circuit Court of the Seventeenth Judicial Circuit Broward County, Florida (where the Complaint was originally filed) is within the jurisdiction of the Southern District of Florida. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

30.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Cerebral are attached as Exhibit A.

31.     Pursuant to 28 U.S.C. §§ 1446(d) and 1453 prompt written notice of this Notice of Removal will be sent to Plaintiff and the Clerk of Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida contemporaneously with its filing in this Court.

32. Cerebral reserves the right to amend or supplement this Notice of Removal.

33. This Notice of Removal is filed subject to and without waiver of any rights Cerebral may have with respect to the Complaint.

WHEREFORE, Cerebral respectfully removes this Action to this Court.

Dated: January 5, 2023                         Respectfully submitted,

By: /s/ Nury Siekkinen
Nury Siekkinen
Florida Bar No. 1015937
Primary email: nury@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorney for Defendant Cerebral, Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2023, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List by electronic mail and U.S. mail.

          /s/ Nury Siekkinen
Nury Siekkinen (Florida Bar No. 1015937)

## SERVICE LIST

Joshua A. Glickman, Esq.
josh@sjlawcollective.com
Shawn A. Heller, Esq.
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698