# Exhibit A



**CT Corporation**
**Service of Process Notification**
12/16/2022
CT Log Number 542870580

## Service of Process Transmittal Summary

**TO:**   Julie Demarco
Cerebral Inc.
340 S LEMON AVE # 9892
WALNUT, CA 91789-2706

**RE:**   **Process Served in California**

**FOR:**   CEREBRAL, INC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AXEL BILBAO, individually and on behalf of all others similarly situated vs. CEREBRAL, INC. |
| **CASE #:** | CACE22017977 |
| **PROCESS SERVED ON:** | National Registered Agents, Inc, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/16/2022 at 14:10 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Julie Demarco  julie.demarco@cerebral.com |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 888-579-0286 |
| | AffiliateTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Fri, Dec 16, 2022
**Server Name:**            DROP SERVICE

| | |
|---|---|
| Entity Served | CEREBRAL INC |
| Case Number | CACE22017977 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |





974 Howard Ave.
Dunedin, FL 34698
202.709.5744 •Fax 866.893.0416

6709 W. 119th St., #198
Overland Park, KS 66209
913.213.3064•Fax 866.893.0416

December 13, 2022

**Served via Process Server with the Complaint and Summons**
CEREBRAL, INC.
C/O C T CORPORATION SYSTEM (Registered Agent)
330 N BRAND BLVD
STE # 700
GLENDALE, CA 91203

Re:     *Bilbao, et al. v. Cerebral, Inc.*
        Circuit Court of the Seventeenth Judicial Circuit in and for
        Broward County, Florida, Case No. CACE-22-017977

To Whom it May Concern:

Please consider this letter formal notification that there is pending litigation against Cerebral, Inc. ("Defendant"), which has been filed in Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida ("the Claim"). The class action complaint alleges that Defendant sent text message advertisements in violation of the Florida Telephone Solicitation Act. You or your agents or business partners may have in your possession, custody, or control recordings, documents, information, and electronically or digitally stored information relevant to the Claim. In addition, you and/or your agents and business partners may have knowledge of facts relevant to the Claim.

You are under a legal duty to preserve, retain and protect all possibly relevant evidence, including, but not limited to, any and all documents, including, but not limited to, electronic data, whether preserved or deleted, that contain the names, identities and/or phone numbers that you or an agent may have used to send any and all Cerebral Text Message Advertisements, as defined within the Complaint to **any and all persons and/or entities**; any and all documents wherein you authorized any third party to send Cerebral Text Advertisements on Defendant's behalf; any and all documents that contain information as to the number of Cerebral Text Advertisements sent by or on behalf of Defendant that were transmitted on or after July 1, 2021; any and all documents which might identify the names, identities and/or phone numbers of **all** intended recipients of the text messages that fit the definition of a Cerebral Text Advertisements; and all other documents relevant to the Claim. The failure to preserve and retain the electronic data outlined in this notice constitutes spoliation of evidence and will subject you to legal claims for damages and/or evidentiary and monetary sanctions.

For purposes of this notice, "electronic data" or "electronic evidence" shall include, but not be limited to, whether preserved or deleted, all data, text files (including word processing documents), presentation files (such as Power Point), spread sheets, e-mail files and information concerning e-mail files (including logs of e-mail history and usage header information, and deleted files), internet history files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, incident reports, computer system activity logs, and all file

fragments and backup files containing electronic data.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any evidence relevant to the Claim, and you are further instructed to take reasonable efforts to preserve such data. To meet this burden, you are instructed by way of example, and not limitation to:

- preserve all video and audio recordings (i.e., not erase or destroy any analog or digital recordings);

- preserve all deleted data;

- preserve all data storage backup files (i.e., not overwrite any previously existing backups);

- preserve and retain all electronic data generated or received by employees who may have personal knowledge of the facts involved in the Claim;

- preserve the data contained on external drives and media attached thereto that are reasonably thought to have data related to the Claim;

- preserve and retain all electronic data in any format, media or location relating to the Claim, including data on USB drives, floppy disks, Zip disks, CD-ROMs, CD-RWs, tape, PDAs, cell phones, memory cards/sticks, and/or digital copiers;

- prevent employees from deleting and/or overwriting any electronic data related to the Claim; and

- take such other security measures, including but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly related to the Claim.

Please do not hesitate to contact me if you have any questions regarding the above. Thank you for your anticipated cooperation.

Sincerely,

Shawn Heller

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

AXEL BILBAO, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.                                             **Class Action**

CEREBRAL, INC.,                            **Jury Trial Demand**

    Defendant.
_____/

## CLASS ACTION COMPLAINT
and
## JURY DEMAND

    Plaintiff, Axel Bilbao, individually, and on behalf of all others similarly situated ("Plaintiffs"), brings this class action against Defendant, Cerebral, Inc. ("Cerebral"), and alleges as follows.

## PRELIMINARY STATEMENT

    1.    This is a putative class action pursuant to the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). The FTSA is a consumer protection statute that requires telemarketers, when sending text message advertisements to consumers, to transmit to the consumer's caller identification service a telephone number that is capable of receiving telephone calls and that connects consumers to either the telephone solicitor or the seller on whose behalf the text message advertisement was sent. Fla. Stat. § 501.059(8)(b).

    2.    These protections were critical to the FTSA's passage and ensure that aggressive telemarketers like the Defendant cannot hide behind originating or spoofed

1

telephone numbers that cannot be called and do not otherwise connect consumers to the telemarketers or the sellers responsible for the advertisements themselves. Put simply, the Florida Legislature has mandated that when telemarketers send text message advertisements to consumers, they at the very least must transmit to the consumer's caller identification service a telephone number that is capable of receiving telephone calls and that connects consumers to either the telephone solicitor or the seller on whose behalf the text message advertisement was sent. The importance of these protections is unmistakable and are equally as applicable to text message advertisements that were sent with the recipient's permission or were otherwise permissible under the law.

3. The FTSA also protects consumers from telemarketers who send them text message advertisements involving an automated system for the selection or dialing of telephone numbers ("Automated") without first obtaining their Prior Express Written Consent ("PEWC"). Fla. Stat. § 501.059(8)(a).

4. In direct contravention of these protections, however, telemarketers such as the Defendant routinely send text message advertisements to consumers while hiding behind telephone numbers that, when called back, result in no connection between consumer and telemarketer (or seller) whatsoever and send Automated Text Message Advertisements without first obtaining PEWC. In order to combat this predatory telemarketing behavior, the FTSA authorizes an award of damages whenever a violation occurs and provides a private right of action for statutory damages for each violation.

5. As such, Plaintiff, individually and on behalf of a class of persons similarly situated, brings this action against Defendant, alleging that Defendant violated the FTSA when it sent Plaintiff and the putative class text messages for the purpose of soliciting a

sale of consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes ("Text Message Advertisements"), without adhering to these requirements.

6.      Specifically, Defendant sent: (1) Text Message Advertisements that promoted Cerebral's services and products ("Cerebral Text Message Advertisements") without transmitting to the recipients' caller identification service a telephone number that was capable of receiving telephone calls and that connected to either the telephone solicitor or the Defendant (collectively, the "Cerebral Callers"); and (2) Automated Cerebral Text Message Advertisements without obtaining Plaintiffs' PEWC.

7.      Plaintiff, individually and on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

8.      Plaintiff, individually and on behalf of a class of persons similarly situated, further seeks injunctive relief to halt Defendant's unlawful conduct, and any other available legal or equitable remedies.

## **JURISDICTION AND VENUE**

9.      This is an action for damages that in the aggregate for the putative class are in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorneys' fees.  Moreover, the Circuit Court has jurisdiction pursuant to Florida Statutes §§ 26.012(2)(c) and 26.012(3), as this action seeks declaratory and injunctive relief pursuant to the FTSA to prevent Defendant from acting in a manner that is unlawful.

10.     This Court has personal jurisdiction over Defendant as it is engaged in solicitation or service activities within this state of Florida, and Defendant's products,

3

materials, or things processed, serviced, or manufactured by the Defendant are used or consumed within the state of Florida in the ordinary course of commerce, trade, or use.

11.    Venue is proper in this Circuit, because the cause of action accrued in Broward County, Florida.

## PARTIES

12.    Plaintiff, Axel Bilbao, is the regular user of the telephone number (727) 315-3003 ("Plaintiff's Cell Phone").

13.    Defendant, Cerebral, is registered as a Foreign Profit Corporation, which owns and operates an online platform, Cerebral.com, which services people throughout Florida and the rest of the country.

## GENERAL ALLEGATIONS

14.    Plaintiff's Cell Phone has been sent Automated Cerebral Text Message Advertisements sporadically since July 1, 2021.

15.    The Automated Cerebral Text Message Advertisements are generic, do not include the name of the intended recipient and include stock text.

16.    These Automated Cerebral Text Message Advertisements are part of an elaborate text marketing campaign by Defendant that uses various approaches to attempt to drive business to its app and website.

17.    For example, since July 1, 2021, Plaintiff has been sent Automated Cerebral Text Message Advertisements, including:

4

+1 (251) 276-5291

Text Message
Fri, Sep 2 at 8:29 AM

Cerebral:
Hey friend, a gentle reminder
that:
You are not weak
You are not alone
We care about you and no
matter where you are Cerebral is
here to help you.
Start today with up to 70% off
your first month.
https://links.cerebral.com/Lsxpy

Msg&data rates may apply. Text
'STOP' to quit.

18.     The telephone number for these Automated Cerebral Text Message Advertisements, as transmitted to Plaintiff's Cell Phone's caller identification service and shown above, is 251-276-5291.

19.     Plaintiff called 251-276-5291, and received the following automated message: Thank you for your call. Configure your voice URL. Plaintiff also attempted to text the Cerebral Callers by sending the following text messages: 1) Agent; and 2) Customer service. Plaintiff received no response to either text message.

20.     As such, with each Automated Cerebral Text Message Advertisement, Defendant transmitted a telephone number to the caller identification service of Plaintiff and the Plaintiff Class that was not capable of receiving telephone calls and failed to connect consumers, including Plaintiff, to the Cerebral Callers, as explicitly required by the FTSA.

21.     Fla. Stat. § 501.059(8)(b) requires any person "who makes a telephonic sales call or causes a telephonic sales call to be made to … transmit … the originating telephone number," or, as a substitution, "the name of the seller on behalf of which a telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours," to the recipient's caller identification service.

22.     A person violates Fla. Stat. § 501.059(8)(b) when it makes a telephonic sales call or causes a telephonic sales call to be made, and fails to "ensure that [the] telephone number [transmitted to the recipient's caller identification service] is capable of receiving telephone calls and … connect[s] the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a telephonic sales call was placed."

23.     Here, Defendant sent Automated Cerebral Text Message Advertisements to Plaintiff and the putative class but failed to transmit to the Plaintiff's and the putative class's caller identification service a telephone number that was capable of receiving telephone calls and that connected the recipients of Defendant's Cerebral Text Message Advertisements to either the telephone solicitor or the Defendant itself.

24.     As evidenced by the stock text used in the Automated Cerebral Text Message Advertisements, it is clear that they were sent to Plaintiffs using a system that involves an automated system for the selection or dialing of telephone numbers.

25.     Despite using an automated system for the selection or dialing of telephone numbers, Defendant sent the Automated Cerebral Text Message Advertisements to Plaintiffs without first obtaining Plaintiffs' PEWC.

26.     In order for Defendant to establish that it received Plaintiffs' PEWC, as defined by the FTSA, Defendant must prove that it obtained a written agreement that satisfies the following strictly construed requirements:

Includes a clear and conspicuous disclosure informing the called party that:

a.    "By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called;

and

b.    He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g)(4).

27.     The FTSA further defines as "telephonic sales call" as:

"Telephonic sales call" means a telephone call, **text message**, or voicemail transmission to a consumer **for the purpose of soliciting a sale of any consumer goods or services**, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes.

Fla. Stat. § 501.059(1)(i) (emphasis added).

28.     As such, Plaintiff, individually and on behalf of a class of persons similarly situated, sues Defendant for its actions that violate the FTSA, which Defendant benefited from, and which arise from the sending of: (1) Cerebral Text Message Advertisements to Plaintiff and the putative class without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Cerebral Callers; and (2) Automated Cerebral Test Message Advertisements without first obtaining Plaintiffs' PEWC.

## CLASS REPRESENTATION ALLEGATIONS

29.     Plaintiff brings this action as a class action, pursuant to Rule 1.220(a) and 1.220(b)(2) and 1.220(b)(3), Florida Rules of Civil Procedure, for statutory damages on behalf of itself and a class of all persons similarly situated, and injunctive and declaratory relief concerning the class as a whole.

30.     Plaintiff brings this class action pursuant to the FTSA, and is a member of and seeks to represent a class of persons ("Plaintiff Class") defined as:

> All persons and entities whose telephone numbers were sent one or more Cerebral Text Message Advertisements, where the telephone number transmitted to the person's or entity's caller identification service was incapable of receiving telephone calls and/or failed to connect to the Cerebral Callers.

> and/or

> All persons and entities whose telephone numbers were sent Automated Cerebral Text Message Advertisements without Defendant having obtained their PEWC.

31.     <u>Class Size (Fla. R. Civ. P. 1.220(a)(1))</u>: Plaintiff, upon information and belief, avers that the proposed class exceeds 100 members. The class size is so numerous that joinder of all members is impracticable and uneconomical.

32.     <u>Commonality (Fla. R. Civ. P. 1.220(a)(2))</u>: There are questions of law and fact common to all members of the Plaintiff Class. Common material questions of fact and law include, but are not limited to, the following:

    a.  whether Defendant violated Fla. Stat. § 501.059(8) by sending Automated Cerebral Text Message Advertisements to Plaintiffs;

    b.  whether Plaintiffs are entitled to statutory damages;

    c.  whether Plaintiffs are entitled to treble damages;

    d.  whether Plaintiffs are entitled to a declaration that Defendant violated Fla. Stat. § 501.059(8) by sending Automated Cerebral Text Message Advertisements to Plaintiffs; and

    e.  whether Plaintiffs are entitled to an injunction to stop Defendant from continuing to send Automated Cerebral Text Message Advertisements to Plaintiffs.

33.     <u>Typicality (Fla. R. Civ. P. 1.220(a)(3))</u>: The claims of the named Plaintiff are typical of the claims of all members of the Plaintiff Class. Defendant sent Automated Text Message Advertisements to Plaintiffs without transmitting to Plaintiffs' caller identification service a telephone number that was capable of receiving telephone calls and that connected to the Cerebral Callers. Plaintiff raises questions of fact and law common to the Plaintiffs, and Plaintiffs' injuries arise from the same conduct as all members of the

Plaintiff Class. Defendant has acted in the same or in a similar manner with respect to the named Plaintiff and all members of the Plaintiff Class.

34.     <u>Fair and Adequate Representation (Fla. R. Civ. P. 1.220(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the Plaintiff Class. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent himself and the Plaintiff Class.

35.     Class counsel is experienced in class action litigation and has successfully litigated class claims under consumer protection and civil rights statutes.

36.     <u>Predominance and Superiority (Fla. R. Civ. P. 1.220(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.     proof of Plaintiff's claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b.     evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of its agents who sent the Automated Cerebral Text Message Advertisements) and will not require individualized or separate inquiries or proceedings;

c.     Defendant has acted and may be continuing to act pursuant to common policies or practices by sending the Automated Cerebral Text Message Advertisements to Plaintiff and the Plaintiff Class;

d.     the amount likely to be recovered by individual class members does not support individual litigation;

e.     a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.     this case is inherently manageable as a class action in that:

    i.   Defendant or its agent(s) identified the persons or entities to send the Automated Cerebral Text Message Advertisements to and it is believed that Defendant's computer and business records, or those of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii.  liability and damages can be established for the Plaintiff and for the Plaintiff Class with the same common proofs;

    iii. statutory damages for violations of the FTSA are the same for each class member;

    iv. a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

    v.  a class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi.     as a practical matter, the claims of the class members are likely to go

unaddressed absent class certification.

### Count 1
### Claim for Relief for Violations of the FTSA

37.     Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 36, above.

38.     This is an action by named Plaintiff, Axel Bilbao, and the Plaintiff Class against Defendant Cerebral for violations of the FTSA.

39.     Defendant, Cerebral, violated Fla. Stat. § 501.059(8)(b) by sending Cerebral Text Message Advertisements to Plaintiffs without transmitting to Plaintiffs' caller identification service a telephone number that was capable of receiving telephone calls and that connected to the Cerebral Callers.

40.     Defendant, Cerebral, knowingly and willfully violated Fla. Stat. § 501.059(8)(b).

41.     Defendant, Cerebral, violated Fla. Stat. § 501.059(8)(a) by sending Automated Cerebral Text Message Advertisements to Plaintiffs without obtaining Plaintiffs' PEWC.

42.     Defendant, Cerebral, knowingly and willfully violated Fla. Stat. § 501.059(8)(a).

43.     The named Plaintiff and the members of the Plaintiff Class are entitled to up to $1,500 in statutory damages against Defendant for each Cerebral Text Message Advertisement and/or Automated Cerebral Text Message Advertisement that was sent to them.

44.     The named Plaintiff and the members of the Plaintiff Class are entitled to a declaration that Defendant's actions, as set out above, violate the FTSA.

45.     The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to cease sending them Cerebral Text Message Advertisements without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Cerebral Callers, and to otherwise protect the interests of the Class.

46.     The named Plaintiff and the members of the Plaintiff Class are entitled to an injunction requiring Defendant to cease the sending of all Automated Cerebral Text Message Advertisements to Plaintiffs' cell phones involving an automated system for the selection or dialing of telephone numbers without first obtaining Plaintiffs' PEWC, and to otherwise protect the interests of the Class.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, Cerebral, and requests an order:

A.  certifying this action as a class action pursuant to Rule 1.220, appointing Plaintiff, Axel Bilbao, as the representative of the class, and appointing Plaintiff's undersigned counsel as counsel for the Plaintiff Class;

B.  finding that Defendant, Cerebral, sent Cerebral Text Message Advertisements to Plaintiff and the Plaintiff Class without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Cerebral Callers, in violation of Fla. Stat. § 501.059(8)(b);

13

C. finding that Defendant, Cerebral, sent Automated Cerebral Text Message Advertisements to the Plaintiff Class without obtaining their PEWC in violation of Fla. Stat. § 501.059(8)(a);

D. finding that Defendant, Cerebral is liable to pay statutory damages of up to $1,500 for each Cerebral Text Message Advertisement that was sent to Plaintiffs without transmitting to their caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Cerebral Callers;

E. finding that Defendant, Cerebral, is liable to pay statutory damages of up to $1,500 for each Automated Cerebral Text Message Advertisement that was sent to Plaintiffs without obtaining their PEWC;

F. declaring that Defendant's actions, as set out above, violate the FTSA;

G. entering an injunction requiring Defendant to cease the sending of all Cerebral Text Message Advertisements to Plaintiffs without transmitting to the recipients' caller identification service a telephone number that is capable of receiving telephone calls and that connects to the Cerebral Callers, and to otherwise protect the interests of the Class;

H. entering an injunction requiring Defendant to cease the sending of all Cerebral Text Message Advertisements to Plaintiffs involving an automated system for the selection or dialing of telephone numbers without first obtaining their PEWC, and to otherwise protect the interests of the Class;

I. entering a judgment in favor of the Class Representative for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

J.   requiring Defendant Cerebral to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Plaintiffs after deducting costs and fees as determined by the Court;

K.   awarding reasonable attorneys' fees, and reimbursing the costs advanced for Plaintiffs;

L.   granting an incentive bonus to Plaintiff for his efforts as Class Representative; and

M.   granting further and other relief as may be appropriate.

## JURY DEMAND

Plaintiff and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)
Attorneys for the Plaintiff

By:   _s/ Shawn A. Heller_
        Shawn A. Heller, Esq.

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

Case No. CACE-22-017977

AXEL BILBAO, individually and
on behalf of all others similarly situated,

      Plaintiff,

vs.                                                                    **Class Action**

CEREBRAL, INC.,                                          **Jury Trial Demand**

      Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of Said State (or selected Process Server):

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

              **CEREBRAL, INC.**
              **C/O C T CORPORATION SYSTEM (Registered Agent)**
              **330 N BRAND**
              **BLVD STE # 700**
              **GLENDALE, CA 91203**

      Each Defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, whose address is:

              Joshua A. Glickman, Esq., josh@sjlawcollective.com
              Shawn A. Heller, Esq., shawn@sjlawcollective.com
              Social Justice Law Collective, PL
              974 Howard Ave.
              Dunedin, FL 34698

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's

attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED on _____          DEC 12 2022

Clerk of the Circuit Court

By:_____
As Deputy Clerk
(Court Seal)

**BRENDA D. FORMAN**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator @ (954) 831-7721, Office of the Court Administrator, 201 SE 6th Street, Room 20140, Fort Lauderdale, Florida 33301, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.  (TDD) or 1/800 955-8770 (v, via Fla. Relay Service).